UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CANALE,<br><br>          Plaintiff,<br><br>     v.<br><br>AUTOZONE, INC., et al.,<br><br>          Defendants. | Case No. 2:24-cv-03295-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 4) |

Pending before the Court is Defendant AutoZone, Inc.'s motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), which is fully briefed. (ECF Nos. 4, 9, 10.)[1] A hearing was held on January 14, 2025. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss. The Court dismisses Plaintiff's Complaint with leave to amend.

/ / /

/ / /

/ / /

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 8.)

I. **BACKGROUND**

A. **Factual Background**[2]

From July 5, 2023 to February 6, 2024, Plaintiff Scott Canale was employed by Defendant AutoZone, Inc. as a manager. Compl. ¶ 7 (ECF No. 1-1). Plaintiff was classified as a non-exempt employee and paid $18 an hour. *Id.* Plaintiff alleges that during his employment, he was discriminated against due to his gender, sex and disability. *Id*. ¶¶ 8, 45.

From November 1, 2023 to May 1, 2024, Plaintiff was placed on a modified duty restriction by his medical provider, which restricted Plaintiff from working night shifts. *Id*. ¶ 9. Plaintiff alleges despite Defendant being aware of Plaintiff's work restrictions, Plaintiff was forced to work late nights. *Id*. ¶ 10. Plaintiff also alleges his "medical condition" was "broadcast[ed] to other employees who did not need to be informed," which resulted in Plaintiff being the "subject of ridicule for his disability." *Id*. ¶ 11. Plaintiff alleges he was bullied "for not being 'a real man'" and threatened with physical harm. *Id*. Plaintiff alleges Defendant permitted and ratified this behavior. *Id*. Plaintiff also alleges he was retaliated against for complaining of this behavior and was "picked on" by Defendant and its agents and employees and "knowingly promoted one of Plaintiff's main tormentors." *Id.* Plaintiff also alleges Defendant failed to compensate him for "several rest periods and meal breaks. *Id*. ¶ 12.

B. **Procedural Background**

On September 19, 2024, Plaintiff filed his Complaint in Sacramento County Superior Court. *See* Compl. Defendant was served with process on October 29, 2024. (ECF No. 1-2 at 5-6.) On November 26, 2024, Defendant removed the action to federal court on diversity jurisdiction grounds. (ECF No. 1 at 2-5.)

---

[2] These facts primarily derive from the Complaint (ECF No. 1-1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Plaintiff alleges the following fifteen (15) state law causes of action: (1) violation of California's Fair Employment and Housing Act, California Government Code § 12900, *et seq.*, ("FEHA") for disability discrimination; (2) violation of FEHA for failure to provide reasonable accommodation; (3) violation of FEHA for sex and gender discrimination; (4) violation of FEHA for harassment and hostile work environment; (5) violation of FEHA for failure to prevent discrimination and harassment; (6) violation of FEHA for retaliation; (7) violation of California Labor Code § 2802 for failure to reimburse business expenses; (8) violation of California Labor Code § 512 for failure to provide meal breaks; (9) violation of California Labor Code § 226.7 for failure to provide rest periods; (10) violation of California Labor Code §§ 201-203 for waiting time penalties; (11) unjust enrichment; (12) breach of contract; (13) breach of the covenant of good faith and fair dealing; (14) violation of California Business and Professions Code § 17200 for unfair business practice; and (15) wrongful termination. Compl. ¶¶ 18-116.

On December 3, 2024, Defendant filed the instant motion to dismiss. (ECF No. 4.) Defendant moves to dismiss all claims for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Def. Mot. (ECF No. 4.) Plaintiff filed his opposition on December 16, 2024 (ECF No. 9), and Defendant filed its reply on December 23, 2024 (ECF No. 10). A hearing was held on January 14, 2025. Attorney Catherine Ann Allen appeared on behalf of Plaintiff. Attorney Michael Hoffman appeared on behalf of Defendant. (ECF No. 11).

**II.    LEGAL STANDARDS**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

**III.   DISCUSSION**

Defendant moves to dismiss Plaintiff's entire Complaint under Rule 12(b)(6). The Court considers Defendant's arguments with respect to each of Plaintiff's claims below.

**A.   First Cause of Action: Disability Discrimination**

FEHA prohibits employment discrimination against any person because of a physical or mental disability. Cal. Gov't. Code § 12940(a). In order to establish a claim for disability discrimination under FEHA, a plaintiff must allege and show that: (1) plaintiff suffers from a disability; (2) plaintiff is otherwise qualified to do his job; and (3) plaintiff was subjected to an adverse employment action because of his disability. *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007); *Jaco v. Winco Holdings, Inc.*, 2019 WL 1438069 at *8 (E.D. Cal. Mar. 31, 2019). Under FEHA, a "physical disability" is any physiological disease, disorder, condition, cosmetic disfigurement or anatomical loss that both affects a specific bodily system and limits a major life activity. Cal. Gov't Code § 12926(m). Under FEHA, a "mental disability" is any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity. Cal. Gov't Code § 12926(j). "A mental or psychological disorder or condition limits a major life activity if it makes the achievement of the major life activity difficult." Cal. Gov't Code § 12926(j)(1)(B).

Defendant argues Plaintiff fails to sufficiently plead factual allegations, beyond conclusory assertions, that Plaintiff is disabled under FEHA. Def. Mot. at 5-6. Plaintiff

argues the allegations in the Complaint alleging "he cannot work at night due to his disability and that this was substantiated by a doctor's work restriction" is sufficient to plead a qualified disability under Cal. Gov't Code §§ 12926 and 12926.1. Pl. Opp'n at 4 (citing Compl. ¶ 9). The Court finds that Plaintiff has not sufficiently alleged a cognizable disability under FEHA or that he was subjected to an adverse employment action because of his disability.

The Complaint alleges in a conclusory manner that Plaintiff is disabled. *See* Compl. ¶¶ 9 ("Among other things, Mr. Canale was placed by his medical provider on modified duty which included a restriction that he was not to work shifts from November 1, 2023 to May 1, 2024."); 10 ("Defendant was well aware of Plaintiff's restrictions."); 10 ("Plaintiff's condition was broadcast[ed]," employees were informed of Plaintiff's "work restrictions and/or his medical condition."); 10 (Plaintiff was the "subject of ridicule for his disability."); 20 (Plaintiff "alleges that his physical and mental disabilities were a motivating factor in Defendant's discrimination."); 28 ("Plaintiff was an individual with a disability within the meaning of section 12926(i) and (k) of the government code").[3] Legal conclusions are not allegations of fact. *See Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 679). Additionally, the Complaint does not allege that Plaintiff's disability made the achievement of a major life activity difficult. *See* Cal. Gov't Code §§ 12926(m), (j). Without sufficient factual allegations detailing Plaintiff's medical condition, and whether such a condition makes achievement of a major life activity difficult, the Court is unable to determine whether Plaintiff's medical condition constitutes a protected disability under FEHA. *See Featherstone v. S. California Permanente Med. Grp.*, 10 Cal. App. 5th 1150,

---

[3] Plaintiff submitted a declaration in support of his opposition, which include some facts that were not pled in the Complaint. (ECF No. 9-1.) The Court notes, however, that its review of the Complaint's pleading sufficiency is limited to the Complaint and does not include Plaintiff's declaration submitted in support of his opposition. At the hearing, Plaintiff's counsel conceded that Plaintiff's declaration raised new factual allegations not pled in the Complaint and that the Court's review for this motion was limited to the Complaint.

1167 (2017) ("not every illness qualifies as a disability" under FEHA.); *Cenis v. Winco Holdings, Inc.*, 787 F. App'x 947, 948 (9th Cir. 2019) (holding that vomiting and diarrhea did not constitute a disability under FEHA and that plaintiff therefore could not make a prima facie showing of disability discrimination in violation of FEHA). The Court therefore dismisses Plaintiff's first cause of action for disability discrimination with leave to amend.

### B. Second Cause of Action: Failure to Provide Reasonable Accommodations

Under FEHA, an employer must "make reasonable accommodation for the known physical or mental disability" of an employee. Cal. Gov't Code § 12940(m)(1). A reasonable accommodation is any "modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Scotch v. Art Institute of California*, 173 Cal. App. 4th 986, 994 (2009). In order to establish a claim for failure to accommodate under FEHA, a plaintiff must allege and show that: (1) plaintiff has a disability; (2) plaintiff is qualified to perform the essential functions of the position; and (3) the employer failed to reasonably accommodate plaintiff's disability. *Id*. at 1009-10.

As set forth above, Plaintiff's conclusory allegations that he has a disability is insufficient to establish Plaintiff has a disability within the meaning of FEHA. Without alleging additional facts supporting the existence of a qualifying disability under FEHA, Plaintiff has not adequately pled his claim for failure to provide reasonable accommodations under FEHA. *See Jackson v. Kaplan Higher Educ., LLC*, 106 F. Supp. 3d 1118, 1128 (E.D. Cal. 2015) (holding that employer could not be held liable under Cal. Gov't Code § 12940(m)(1) where plaintiff failed to provide evidence that she had a disability under FEHA). The Court therefore dismisses Plaintiff's second cause of action for failure to accommodate with leave to amend.

### C. Third Cause of Action: Sex and Gender Discrimination

FEHA prohibits employment discrimination against any person because of that person's "sex, gender, gender identity, or gender expression." Cal. Gov't. Code

§ 12940(a). In order to establish a claim for discrimination under FEHA, a plaintiff must allege and show that: (1) plaintiff belongs to a protected class; (2) plaintiff was performing competently in the position he held; (3) plaintiff suffered an adverse employment action; and (4) some other circumstance suggests that the employer acted with a discriminatory motive. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000).

Defendant argues Plaintiff fails to sufficiently plead facts showing he was subjected to discrimination based on his sex and gender. Def. Mot. at 8. Defendant contends Plaintiff fails to allege facts establishing Plaintiff suffered from an adverse employment action based on his sex and gender. *Id.* Plaintiff argues he was "made fun of 'including bullying Plaintiff for not being 'a real man' and threatening Plaintiff physically", which is sufficient to establish a claim for sex and gender discrimination. Pl. Opp'n at 6 (citing Compl. ¶ 10). The Court finds that Plaintiff has not sufficiently alleged a cognizable sex and gender discrimination claim under FEHA.

The Complaint alleges Plaintiff's "coworkers made numerous discriminatory remarks based on Plaintiff's sex and gender" and that after a "significant period of satisfactory, competent, and diligent performance to the profit of Defendant, Plaintiff was constructively terminated as a result of Defendant's intolerable and unbearable working conditions." Compl. ¶¶ 37-38. Plaintiff further alleges Defendant "compelled, coerced, aided and abetted the discrimination…levied at Plaintiff." *Id* ¶ 11. Even if the Court assumes without finding that constructive discharge has been alleged, the Complaint's allegations do not sufficiently assert a causal connection between the alleged adverse employment action and Defendant's alleged discriminatory motive based on sex and gender. *See* Cal. Gov't Code § 12940(a). Plaintiff's allegations as to motive are cursory and conclusory. *See* Compl. The Court therefore dismisses Plaintiff's third cause of action for sex and gender discrimination with leave to amend.

### D. Fourth Cause of Action: Harassment and Hostile Work Environment

FEHA prohibits harassment in the workplace. Cal. Gov't Code § 12940(j)(1). "'[H]arassment' because of sex includes sexual harassment, gender harassment, and

harassment based on pregnancy, childbirth, or related medical conditions. Sexually harassing conduct need not be motivated by sexual desire." Cal. Gov't Code§ 12940(j)(4)(C). "Sexual harassment law in California requires an employee to prove 'severe or pervasive' harassment." *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 878 (2023) (citing Cal. Gov't Code § 12923). "A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b); *see also Beltran*, 97 Cal. App. 5th at 878. "[A] hostile work environment exists 'when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being.' The plaintiff is not required to show a decline in productivity, only 'that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to 'make it more difficult to do the job.'" *Beltran*, 97 Cal. App. 5th at 878 (quoting Cal. Gov't Code § 12923(a)). "The existence of a hostile work environment depends upon the totality of the circumstances and a discriminatory remark, even if not made directly in the context of an employment decision or uttered by a nondecisionmaker, may be relevant, circumstantial evidence of discrimination." Cal. Gov't Code § 12923(c).

Defendant argues Plaintiff's claim fails to sufficiently allege severe or pervasive harassment. Def. Mot. at 4-5. Plaintiff argues the Complaint sufficiently alleges an ongoing course of harassment due to his gender, sex and disability. Pl. Opp'n at 3. Plaintiff argues that the harassment created a hostile work environment because Plaintiff was "'forced to work late nights'" despite his work restrictions related to his disability, Plaintiff's "employer humiliated Plaintiff by broadcasting his condition to other employees," Plaintiff was subjected to "ridicule for his disability including bullying Plaintiff

8

for not being a 'real man,' and even threatening Plaintiff with physical harm," Defendant ratified this behavior, and Defendant "rewarded his main tormentor by promoting him over Plaintiff." *Id.* (citing Compl. ¶¶ 10, 11, 45).

The Court agrees that Plaintiff does not sufficiently allege a claim for harassment and hostile work environment. Plaintiff's general allegations do not clearly articulate the incidents of harassment due to Plaintiff's sex, gender and/or disability. The allegations are conclusory, and it is unclear whether the alleged harassment "consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Roby*, 47 Cal. 4th at 707 (citation omitted). Moreover, the Complaint does not sufficiently allege how such harassment interfered with Plaintiff's ability to fulfill his role as a manager. *See Beltran*, 97 Cal. App. 5th at 878. The Court therefore dismisses Plaintiff's fourth cause of action for harassment and hostile work environment with leave to amend.

### E. Fifth Cause of Action: Failure to Prevent Discrimination and Harassment

Under FEHA, employers must take "all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). A claim for relief for failure to prevent discrimination and harassment is "dependent on a claim of actual" discrimination and harassment. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1315 (2015). "Without actionable discrimination, harassment…, there can be no viable § 12940(k) claim." *Rubadeau v. M.A. Mortenson Co.*, 2013 WL 3356883, at *14 (E.D. Cal. July 3, 2013). Parties appear to agree that Plaintiff's failure to prevent discrimination and harassment claim is derivative of Plaintiff's harassment claim. *See* Def. Mot. at 10; Pl. Opp'n at 7-8; Def. Reply at 6 (ECF No. 10). Because Plaintiff has not adequately pled his claims for discrimination and harassment, as set forth above, the Court dismisses Plaintiff's fifth cause of action for failure to prevent discrimination and harassment with leave to amend.

///

### F. Sixth Cause of Action: Retaliation

To assert a retaliation claim under FEHA, plaintiff must show that: (1) plaintiff engaged in a protected activity; (2) plaintiff's employer subjected him to adverse employment action; and (3) there was a causal link between the protected activity and the employer's action. *Kumar v. Alameda Cnty. Med. Ctr.*, 2011 WL 13244636, at *13 (N.D. Cal. Mar. 25, 2011). "Although an employee need not formally file a charge in order to qualify as being engaged in protected opposing activity, such activity must oppose activity the employee reasonably believes constitutes unlawful discrimination, and complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate will not suffice to establish protected conduct." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1047 (2005).

Defendant argues Plaintiff's allegations that he reported "harassing and discriminatory treatment" is too vague and conclusory to adequately plead a claim for retaliation. Def. Mot. at 8-10. Plaintiff argues the allegations that he was retaliated against "for complaining of the unlawful behavior" and was "picked on" and "knowingly promoted one of Plaintiff's main tormentors over him" is sufficient to plead retaliation. Pl. Opp'n at 6-7 (citing Compl. ¶ 11). The Court finds that Plaintiff has not sufficiently alleged a cognizable retaliation claim under FEHA. Plaintiff's vague and conclusory allegation that he "reported the harassing and discriminatory treatment" does not sufficiently establish that Plaintiff engaged in a protected activity. *See* Compl. ¶ 57; *see also Dokes v. Safeway, Inc.*, 2018 WL 1518562, at *10 (E.D. Cal. Mar. 28, 2018) (finding Plaintiff's assertions that he was engaged in a protected activity "worth protecting" was insufficient to establish he was engaged in a "protected activity" as prescribed by FEHA.) Additionally, the Complaint, in its current form, fails to establish that Plaintiff's action was in opposition to a policy or practice of Defendant. *See Yanowitz*, 36 Cal. 4th at 1047. Because the Complaint does not sufficiently allege whether Plaintiff engaged in a protected activity, the Court will therefore dismiss Plaintiff's sixth cause of action for

retaliation with leave to amend.

### G. Seventh Cause of Action: Failure to Reimburse Business Expenses

California Labor Code § 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties[.]" The statute defines "necessary expenditures or losses" to include "all reasonable costs." Cal. Labor Code. § 2802(c). Plaintiff seeks reimbursement for expenses incurred during the performance of Plaintiff's job duties. *See* Compl. ¶ 62. Defendant argues Plaintiff's claim fails to identify the business-related expenses incurred, thereby precluding any finding that the expenses were reasonable and incurred in direct discharge of Plaintiff's duties. Def. Mot. at 12. The Court agrees. Plaintiff merely alleges expenses were incurred (Compl. ¶¶ 62-64), but does not identify a single specific cost that was not reimbursed or explain why such costs were required for his job. *See Tavares v. Cargill Inc.*, 2019 WL 2918061, at *7 (E.D. Cal. July 8, 2019) (dismissing claim for failure to reimburse business expenses because plaintiff only alleged general allegations that she was not reimbursed for uniforms and equipment and failed to allege "any single specific cost incurred"). Because Plaintiff's allegations are general and without any supporting factual allegations, the Court dismisses Plaintiff's seventh cause of action for failure to reimburse business expenses with leave to amend.

### H. Eighth & Ninth Cause of Action: Failure to Provide Meal Breaks & Failure to Provide Rest Periods

To establish a claim for failure to provide meal or rest breaks, plaintiff must show facts specifically identifying an instance where plaintiff was deprived of a meal or rest break. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (holding rest break claim fell short of the requirements of *Landers* by failing to allege a single workweek where employee was impeded or discouraged from taking rest breaks). Defendant argues that Plaintiff's meal and rest period claims are conclusory and do not plead a

11

single instance of any missed meal or rest break. Def. Mot. at 10-12. The Court agrees. Plaintiff's allegations are a formulaic recitation of the governing statutory language. *See* Compl. ¶¶ 12 ("[i]n further disregard for the law, Defendant failed to compensate Plaintiff for several missed rest periods and meal breaks"); 71 ("Defendant failed to relieve Plaintiff of all duty for timely uninterrupted 30 minute periods and, in fact, facilitated practices and procedures that impeded Plaintiff from taking interrupted meal breaks); 78 ("Defendant directly and or indirectly authorized and permitted Plaintiff to take rest periods at all times suffered and, in fact, had practices and procedures that impeded Plaintiff from taking breaks. At all times relevant hereto, Plaintiff was not allowed all rest breaks"). Because Plaintiff fails to sufficiently plead claims for failure to provide meal breaks and rest periods, the Court dismisses Plaintiff's eighth cause of action for failure to provide meal breaks and ninth cause of action for failure to provide rest periods with leave to amend.

### I. Tenth Cause of Action: Waiting Time Penalties

The parties appear to agree that Plaintiff's claim for waiting time penalties claim is derivative of Plaintiff's meal break, rest period and reimbursement claims. *See* Def. Mot. at 12; Pl. Opp'n at 9; Def. Reply at 7. Because Plaintiff has not adequately pled his claims for meal breaks, rest periods and reimbursement as set forth above, the Court dismisses Plaintiff's tenth cause of action for waiting time penalties as it relates to these claims with leave to amend. *See Sousa v. Walmart, Inc.*, 2023 WL 5278662, at *12 (E.D. Cal. Aug. 16, 2023) (dismissing waiting time penalty claims due to dismissal of the underlying meal break and rest period violations).

### J. Eleventh Cause of Action: Unjust Enrichment

"[I]n California, there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation and quotation marks omitted). Here, Plaintiff alleges a standalone claim for unjust enrichment which is not a valid claim. *See* Compl. ¶¶ 87-90. However, when a plaintiff alleges a standalone claim for unjust enrichment, a court "may

'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)). Even if the Court construed this claim as a quasi-contract claim seeking restitution, the Complaint's conclusory and vague allegations fail to sufficiently plead a claim for quasi-contract. *See* Compl. ¶¶ 88 ("[a]s a result of their breaches and wrongful acts, Defendant has been unjustly enriched at Plaintiff's expense"); 89 (Defendant has derived a benefit from its actions including "withholding money that rightfully belongs to Plaintiff and failing to reimburse Plaintiff for amounts due, including waiting time penalties"). Therefore, the Court dismisses Plaintiff's eleventh cause of action for unjust enrichment with leave to amend to allege a quasi-contract claim seeking restitution if Plaintiff can sufficiently plead such a claim. Plaintiff does <u>not</u> have leave to amend to allege an unjust enrichment claim.

### K. Twelfth Cause of Action: Breach of Contract

To establish a claim for breach of contract, plaintiff must show: (1) the existence of a contract, (2) defendant's breach, (3) plaintiff's performance or excuse for nonperformance, and (4) the resulting damages to plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Defendant argues Plaintiff has failed to plead the terms of the contract; the Court agrees. *See* Def. Mot. at 12. Plaintiff generally alleges the violation of a contract but does not sufficiently allege which specific employment agreement is at issue. Based on the specific provisions identified (Compl. ¶¶ 93-94), Plaintiff appears to allege violations of an employee handbook, policy or manual. *See* Pl. Opp'n at 9-10. Because the Court cannot identify which actions violated the terms of a specific contract, the Court finds Plaintiff has failed to state a claim. The Court also notes that "[u]nless the parties contract otherwise, employment relationships in California are ordinarily 'at will,' meaning that an employer can discharge an employee for any reason." *See Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003). Plaintiff may not bring a breach of contract claim predicated on the termination of at-will employment. *Kasbarian v. Equinox Holdings, Inc.*, 739 F. App'x 397, 399 (9th Cir. 2018). For these

reasons, the Court dismisses Plaintiff's twelfth cause of action for breach of contract with leave to amend.

### L. Thirteenth Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing

To establish a breach of the covenant of good faith and fair dealing, plaintiff must show that: (1) the parties entered into a contract; (2) plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to defendant's performance occurred; (4) defendant unfairly interfered with plaintiff's rights to receive the benefits of the contract; and (5) plaintiff was harmed by defendant's conduct. *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1145 (E.D. Cal. 2012). "Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated." *Ahmadi v. United Cont'l Holdings, Inc.*, 2014 WL 2565924, at *6 (E.D. Cal. June 6, 2014) (internal quotation and citation omitted). Here, the Complaint does not identify the specific contract Defendant's conduct frustrates. Without reference to a contract, the Court cannot evaluate whether Plaintiff sufficiently pleads this claim. *See Ahmadi*, 2014 WL 2565924, at *6. Therefore, the Court dismisses Plaintiff's thirteenth cause of action for breach of covenant of good faith and fair dealing with leave to amend.

### M. Fourteenth Cause of Action: Unfair Business Practice

Parties appear to agree that Plaintiff's claim for unfair business practice claim is derivative of Plaintiff's other state law claims. *See* Def. Mot. at 13; Pl. Opp'n at 11; Def. Reply at 8. Because Plaintiff has not adequately pled his other state law claims, the Court dismisses Plaintiff's fourteenth cause of action for unfair business practice with leave to amend. *See Lefevre v. Pac. Bell Directory*, 2014 WL 5810530, at *4 (N.D. Cal. Nov. 7, 2014) (dismissing unfair business practice claim due to dismissal of underlying wage and hour law claims).

### N. Fifteenth Cause of Action: Wrongful Termination

"[W]hile an at-will employee may be terminated for no reason, or for an arbitrary

or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." *Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1104 (2002). To establish a claim for wrongful termination, plaintiff must show: (1) plaintiff was terminated; and (2) plaintiff's dismissal violated a policy that is fundamental, beneficial for the public and embodied in a statute or constitutional provision. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1256 (1994). A constructive discharge may provide the basis for a wrongful termination claim in violation of public policy "when the employer's conduct effectively forces an employee to resign." *Id*. at 1244. The parties appear to agree that Plaintiff's wrongful termination claim is derivative of Plaintiff's underlying FEHA claims. *See* Def. Mot. at 10; Pl. Opp'n at 7-8; Def. Reply at 6. Because Plaintiff has not adequately pled his underlying FEHA claims as set forth above, the Court dismisses Plaintiff's fifteenth cause of action for wrongful termination with leave to amend.

## IV. CONCLUSION

For the reasons provided above, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 4) is GRANTED;
2. The Complaint (ECF No. 1-1) is DISMISSED;
3. Plaintiff is GRANTED LEAVE to file an amended complaint as provided above within thirty (30) days of this Order;
4. If Plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will be interpreted as consent to dismissal of this action.

Dated: January 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, cana3295.24

15