UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CANALE, | Case No. 2:24-cv-03295-CSK |
| Plaintiff, | PRETRIAL SCHEDULING ORDER AND ORDER DISMISSING DOE DEFENDANTS |
| v. | |
| AUTOZONE, INC., et al., | |
| Defendants. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

On July 29, 2025, the Court conducted a status (initial pretrial scheduling) conference in this matter.[1] At the scheduling conference, attorney Catherine Allen appeared on behalf of Plaintiff Scott Canale, and attorney Michael Hoffman appeared on behalf of Defendant Autozone, Inc. After considering the parties' joint status report (ECF No. 17), and the scheduling conference held, the Court issues the following pretrial

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 6-8.)

1

scheduling order.

## I.   NATURE OF THE CASE

The following summary of the case is based on the parties' Joint Status Report. (ECF No. 17 at 2). Plaintiff worked as a parts sales manager in an AutoZone retail store. He contends that his physician requested modified duty to accommodate a disability, which included a restriction that he was not to work night shifts. Plaintiff was allegedly forced to work late nights, and he contends that a manager broadcast his work restrictions to others in the store. Plaintiff further alleges that coworkers bullied him, threatened physical harm, and teased him for not being a "real man." Due to the allegedly intolerable work conditions, Plaintiff resigned from employment. Plaintiff also claims that Defendant failed to compensate him for missed rest periods and meal breaks and failed to reimburse him for work expenses. Defendant denies Plaintiff's allegations.

## II.   SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT

All named Defendants have been served and have answered the First Amended Complaint. (ECF No. 17 at 2.) No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

The Court notes thirty (30) Doe Defendants are named in the First Amended Complaint. (*See* ECF No. 13.) The inclusion of such "Doe" defendants is generally disfavored in the Ninth Circuit. *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). In addition, in the parties' Rule 26(f) report, Plaintiff indicates that "[a]ll named defendants were served and have appeared."  (ECF No. 17 at 2.) As discussed at the scheduling conference, Plaintiff may seek to add or substitute AutoZoners, LLC, an entity related to Defendant Autozone, Inc., as a defendant, which Defendant does not oppose. (*Id*.) The Doe Defendants are hereby DISMISSED from this case, and should Plaintiff wish to amend to add additional named defendants after discovering their identities, Plaintiff may file a motion to amend and submit this motion for the Court's review. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court,

and only after good cause is shown.

### III. JURISDICTION/VENUE

The parties assert that the Court has diversity jurisdiction (ECF No. 17 at 2), which is found to be proper. Venue is proper and undisputed. (*Id.*)

### IV. DISCOVERY DEADLINES AND PROCEDURES FOR DISCOVERY DISPUTES

#### A. Initial Disclosures

The parties agreed to exchange Rule 26 Initial Disclosures on or before **May 9, 2025** by agreement. (ECF No. No. 17 at 3.) At the scheduling conference, the parties confirmed initial disclosures were exchanged.

#### B. Joint Mid-Discovery and Mediation Status Statement

By **November 7, 2025**, all parties shall file with the Court a Joint Mid-Discovery and Mediation Status Statement summarizing the current status of discovery and mediation efforts. This statement shall include discovery completed to date and identification of issues, if any, preventing discovery from proceeding in a timely manner. The filing of this statement shall not relieve the parties or counsel of their obligations to meet and confer, comply with the deadlines set by the Court, and comply with the discovery procedures set by the Court.

#### C. Non-Expert Discovery

All non-expert discovery shall be completed by **January 30, 2026**. "Completed" means (1) all non-expert discovery shall have been conducted, including written discovery and depositions taken, and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure, this Court's Local Rules,[2]

---

[2] The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

including Local Rule 251, and Judge Kim's Civil Standing Orders.[3] Judge Kim hears civil motions on Tuesdays at 10:00 a.m.

### D.    Expert Discovery

The parties shall disclose any expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) no later than **February 27, 2026**. Any rebuttal expert disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) no later than **March 27, 2026**. Expert disclosures shall be served upon all parties. All expert discovery shall be completed by **May 29, 2026**. "Completed" means (1) all expert discovery shall have been conducted, including depositions taken, and (2) any disputes related to expert discovery shall have been resolved by appropriate court order if necessary and, where discovery has been ordered, the order has been complied with. The same procedures for discovery disputes applies to non-expert and expert discovery.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the expert witness demonstrates that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c). Upon discovery of any such expert witness, the party offering the late disclosed expert witness must promptly notify all parties in writing, promptly make the expert witness available for deposition, and promptly notify the Court in a written filling. This filing must include the case deadlines for expert disclosures, expert discovery cut-off, dispositive motions, final pretrial conference, and trial. Failure to timely provide the information required by Fed. R. Civ. P. 26(a)(2) may lead to preclusion of the expert's testimony or other appropriate sanctions. See Fed. R. Civ. P. 37(c).

### E.    Discovery Disputes

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and

---

[3] Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

without Court intervention. Such meet and confer shall take place in person, by telephone, or by video. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were taken, including when and where such discussions took place, who participated, how the parties' disputes were narrowed as a result of such discussions; and (b) a summary of discovery completed to date. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are set forth in Judge Kim's Civil Standing Orders. In addition, and subject to availability, the Court will rule on disputes encountered during oral depositions. If a dispute arises during the deposition, the parties may contact Judge Kim's Courtroom Deputy at (916) 930-4187 to inquire regarding Judge Kim's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions.

**V.    MOTIONS**

All pretrial law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be <u>filed</u> by **June 30, 2026** and <u>heard</u> by **August 4, 2026**.[4]

Dispositive motions must be filed following the procedures of Local Rules 230 and 260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without counsel should pay particular attention to the rules for Statements of Undisputed Facts for motions for summary judgment, cross motions for summary judgment, and general brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. If both

---

[4] Pursuant to Local Rule 230(b), a motion set for hearing on **August 4, 2026** must be filed by **June 30, 2026**, which is 35 days before the hearing date. Please note that Judge Kim has a separate schedule for cross motions for summary judgment, which is set out in her Civil Standing Orders.

5

Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule and requirements set out in Judge Kim's Civil Standing Orders for cross motions for summary judgment.[5] Judge Kim generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does <u>not</u> apply to motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

All purely legal issues are to be resolved by timely pretrial motion. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that can be resolved by pretrial motion. Motions in limine should address trial-related issues, such as the admissibility of evidence. The Court will look with disfavor upon dispositive motions or other substantive legal motions presented as motions in limine at the time of trial.

## VI. SETTLEMENT CONFERENCE

At the scheduling conference, the parties indicated they will first engage in direct discussion of potential resolution before engaging in formal resolution, including the Court's Voluntary Dispute Resolution Program ("VDRP"). If the parties want to request referral to VDRP or to schedule a settlement conference with another magistrate judge, they may file a request or contact the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov. Parties should communicate the specific time frame when they would like the settlement conference held.

## VII. FINAL PRETRIAL CONFERENCE AND TRIAL

The final pretrial conference is set for **November 13, 2026** at 10:00 a.m. and trial is set for **January 11, 2027** at 9:30 a.m. in Courtroom No. 25 before United States Magistrate Judge Chi Soo Kim. Trial counsel must appear at the final pretrial conference.

---

[5] Pursuant to Judge Kim's Civil Standing Orders, if both Plaintiff and Defendant intend to file motions for summary judgment, Plaintiff's opening summary judgment motion must be filed by **June 9, 2026.**

6

At the final pretrial conference, the Court will set the deadlines for other trial-related deadlines, including the submission of exhibits.

### A. Meet and Confer

At least 28 days before the final Pretrial Conference, lead counsel who will try the case shall meet and confer with respect to the following subjects: (1) settlement of the case; (2) preparation of the joint pretrial filings; and (3) clarifying and narrowing the contested issues for trial. Counsel in close geographical proximity are encouraged to meet in person.

### B. Joint Pretrial Statement

The parties shall file a **joint** pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. Statement of the Case:  A concise, joint statement of the case must be included.
2. Trial Length Estimate:  An estimate of the length of trial must also be included. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.
3. Procedural Status:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.
4. Factual Issues:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

5. <u>Points of Law</u>:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. <u>Motions In Limine</u>:  The parties shall also identify the motions in limine each party reasonably anticipates filing.

7. <u>Witness Lists</u>:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a concise statement of the anticipated subjects of testimony. Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

8. <u>Exhibit Lists</u>:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. **All exhibits must be individually identified with specificity**, including a reasonable amount of detail such that other parties can identify each exhibit, including exhibit name/title, document/file date, bates numbers, and a concise description of the exhibit. **Groups or categories of documents/records may <u>not</u> be listed as a single exhibit** (e.g., it is improper to list "Initial Disclosure Documents," "Cell phone records," etc. as a single exhibit). Pursuant to Local Rule 281, only exhibits on the exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order. The parties are instructed to refer to and follow the Court's Jury Trial Procedures available on Judge Kim's webpage on the district court's

8

website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and requirements for exhibit lists.

9. <u>Further Discovery or Motions</u>:  Inclusion of a section regarding further discovery or motions in the pretrial statement pursuant to Local Rule 218(b)(13) will not be interpreted as a motion to request further discovery, a request to modify the scheduling order or any other order issued for this case, or as an actual motion or request. The parties must continue to follow the scheduling order(s) for this case, the Local Rules, and the Court's standing orders to request further discovery or a modification of the scheduling order(s).

**C.    Motions In Limine**

Motions in limine shall be filed by the close of business fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed by the close of business seven (7) days before the date set for the final pretrial conference. No replies shall be filed.

Briefing for motions in limine shall be limited to 25 pages total for each side. Each motion in limine should be numbered and clearly identified. For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the beginning that lists each motion in limine and the page number on which the motion begins.

Briefing for oppositions/ responses to motions in limine shall also be limited to 25 pages total for each side. Each opposition/ response should be numbered and clearly identified. For example, "Defendants' Opposition to Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall also include a table of contents at the beginning that lists each motion in limine opposition/ response and the page number on which the opposition/ response begins.

The parties should be prepared to argue their motions in limine at the final pretrial

conference. The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

### D. Proposed Voir Dire, Jury Instructions, and Verdict Forms

The parties must file proposed voir dire questions, proposed <u>joint</u> jury instructions, and proposed <u>joint</u> verdict forms by the close of business fourteen (14) days before the date set for the final pretrial conference. The parties must also email these filings as Word documents to CSKorders@caed.uscourts.gov. The parties should be prepared to address the proposed voir dire questions, jury instructions, and verdict forms at the final pretrial conference. **The parties are instructed to refer to and follow the Court's Jury Trial Procedures** available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and requirements for the submission of joint proposed <u>joint</u> jury instructions.

### E. Trial Briefs

Parties are not required to file trial briefs. If a party chooses to file a trial brief, it shall not be longer than five pages and shall be filed no later than by the close of business fourteen (14) days before the date set for the final pretrial conference. Trial briefs shall not duplicate the contents of the joint pretrial statement and proposed order.

### F. Courtesy Copies

Two binders containing courtesy copies of the Joint Pretrial Statement, witness lists, exhibit lists, proposed voir dire questions, proposed joint jury instructions, proposed joint verdict forms, motions in limine, and optional trial briefs must be delivered to the Clerk's office by noon thirteen (13) days before the date set for the final pretrial conference. This is the day <u>after</u> the filing deadline for the proposed voir dire questions, proposed jury instructions, proposed verdict forms, motions in limine, and optional trial briefs. *Parties should coordinate so that only two courtesy copies are submitted, rather than submitting separate courtesy copies from each party*. Parties do not need to provide courtesy copies of the motion in limine oppositions.

All courtesy copies must be double-sided, three-hole punched at the left margin, and marked with the ECF stamp (case number, document number, date, and page number) on the top of each page. These binders shall include labeled side tabs, and be clearly marked "Chambers Copy – Do Not File" with Judge Kim's name, the case number, and the case name.

### G.     Trial

A jury trial is set for **January 11, 2027** at 9:30 a.m., in Courtroom No. 25. The parties estimate 4-7 days for trial. (ECF No. 17 at 4.)

### VIII.   SCHEDULE SUMMARY

| Event | Deadline Ordered |
|---|---|
| Initial Disclosures Due By | **May 9, 2025** |
| Joint Mid-Discovery and Mediation Status Statement Filed By | **November 7, 2025** |
| Non-Expert Discovery Completion | **January 30, 2026** |
| Expert Disclosures Due By | **February 27, 2026** |
| Rebuttal Expert Disclosures Due By | **March 27, 2026** |
| Expert Discovery Completion | **May 29, 2026** |
| If cross-motions for summary judgment,[6] Plaintiff's Summary Judgment Motion Filed By | **June 9, 2026** |
| If no cross-motions for summary judgment, Dispositive Motions Filed By | **June 30, 2026** |
| Dispositive Motions Heard By | **August 4, 2026** |
| Joint Pretrial Statement Due By | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC |
| Final Pretrial Conference and Motions In Limine Hearing | **November 13, 2026** at 10:00 a.m., Courtroom 25 |
| Jury Trial (4-7 days) | **January 11, 2027** at 9:30 a.m., Courtroom 25 |

/ / /

---

[6] If both Plaintiff and Defendant intend to file motions for summary judgment, the parties must follow the schedule set out in Judge Kim's Civil Standing Orders for cross-motions for summary judgment.

11

### IX. MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines, the final pretrial conference, or trial dates must establish good cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the final pretrial conference date, and the trial date;
2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and
3. specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

Dated:  July 30, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, cana3295.24